IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE E. DIEGNER,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Civil No. 06-1552-ST

FINDINGS AND RECOMMENDATION

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the validity of several state court convictions based on alleged violations of his rights to counsel and to due process of law.  For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (docket #23) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

In two separate incidents in the spring of 2002, petitioner impersonated a police officer and "arrested" different female victims, one of whom he sexually assaulted.  The other victim, Tara Evans, was able to escape by threatening petitioner with a knife, but she caught her foot in the seatbelt as she fled the car and was dragged along the pavement for several feet resulting in injuries to her shoulder, back, and legs. Respondent's Exhibit 118, p. 2.  As a result of these incidents, on July 19, 2002, petitioner was indicted on 11 counts of criminal conduct, and on March 6, 2003, he entered guilty pleas to Attempted Sodomy in the First Degree, Impersonating a Police Officer, Attempted Assault in the Second Degree, and two counts of Kidnapping in the Second Degree. Respondent's Exhibits 101-104.

After petitioner entered his pleas and advised the trial judge that he wished to proceed to sentencing that very same day, the

court asked the prosecutor, "Miss Mascal, have the victims been kept apprised of the proceedings?" Respondent's Exhibit 104, p. 9. The prosecutor responded in the affirmative and indicated that the State was ready to proceed to sentencing. *Id.* Unknown to the any of the parties, Tara Evans had passed away in San Francisco approximately eight weeks earlier on January 11, 2003.

The trial court proceeded to sentence petitioner to consecutive sentences totaling 110 months in prison. *Id* at 11-12. It also ordered petitioner to pay $1,000 in compensatory fines to each of the victims. *Id.*

In September 2004, petitioner filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 123-124. The Oregon Court of Appeals affirmed the PCR trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *Diegner v. Hall*, 206 Or.App. 768, 140 P.3d 582, *rev. denied*, 341 Or. 244, 142 P.3d 72 (2006).

In his Amended Petition for Writ of Habeas Corpus, petitioner presents two grounds for relief:

    1.   Petitioner was denied his right to effective assistance of counsel when his trial lawyers failed to accurately advise him, prior to the entry of petitioner's guilty pleas, concerning the full ramifications of those pleas of guilty. Specifically, counsel failed to advise the petitioner that he would be required to register as a sex offender for the duration of petitioner's lifetime; and

3 - FINDINGS AND RECOMMENDATION

> 2. Petitioner's guilty pleas were not knowing, intelligent, and voluntary. The state, thereby, violated petitioner's right to due process of law. The plea agreement was accepted, and petitioner's guilty pleas were entered, based on a material misrepresentation concerning the availability for trial of one of the two complaining witnesses.

Amended Petition (docket #23), ¶¶ 4-5.

Respondent asks the court to deny relief on the Amended Petition because it was not timely filed.

## **FINDINGS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA applies a one-year statute of limitations to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

According to respondent's calculation, 508 days elapsed between the date petitioner's conviction became final (April 21,

4 - FINDINGS AND RECOMMENDATION

2003) and the date he filed his PCR Petition (September 10, 2004). An additional 11 days elapsed between the issuance of the appellate judgment in the PCR action and the signing of the *pro se* Petition for Writ of Habeas Corpus, resulting in a total of 519 days. This total places petitioner well outside of AEDPA's one-year statute of limitations.

Petitioner does not dispute respondent's calculation, but asserts that he is entitled to statutory tolling under 28 U.S.C. § 2254(d)(1)(D) because he filed his Amended Petition for Writ of Habeas Corpus within one year of the date on which the factual predicate of his due process claim (Evans' death) could have been discovered through the exercise of due diligence. He claims that the prosecutor made a material misrepresentation at the plea hearing when she told the court that she had kept the victims advised of the prosecution, thereby implying that Evans was available to testify at trial. According to petitioner, this alleged misrepresentation prevented him from later determining that Evans was no longer alive.

As an initial matter, the court finds that the prosecutor was not aware that Evans had passed away[1] and did not misrepresent Evans' well-being during petitioner's plea hearing. In response to a direct question from the trial judge, she responded only that the

---

[1] The prosecutor has filed an affidavit to this effect, and she would not have asked the court to award Evans a compensatory fine had she known that Evans was no longer alive. *See* Respondent's Exhibit 133, ¶ 3.

5 - FINDINGS AND RECOMMENDATION

victims had been kept apprised of the proceedings. Petitioner should not have relied on this as a guarantee regarding Evans' well-being for trial, especially since he had already entered his guilty pleas at the time of the prosecutor's statement. Moreover, the notifications to victims in cases involving guilty pleas were communicated either by telephone or by mail. Respondent's Exhibit 133, ¶ 4. Consequently, the prosecutor's office could have sent notification to Evans regarding the status of petitioner's case by mail or telephone message without any knowledge of her well-being. Because there was no material misrepresentation as petitioner claims, he is not entitled to statutory tolling.

Even if the prosecutor had mistakenly stated at the plea hearing that Evans was alive and prepared to testify at trial, petitioner would not be entitled to statutory tolling. According to petitioner, the prosecutor's alleged misrepresentation prevented him from discovering that Evans had passed away. However, during his investigation in support of this case, petitioner discovered and submitted several exhibits which definitively document Evans' death: (1) Evans' initial death certificate from the State of California completed on January 13, 2003, two days after her death (Petitioner's Exhibit D); (2) a second death certificate from the State of California issued on April 3, 2003, after an autopsy had been performed to determine a cause of death (Petitioner's Exhibit D); (3) a January 14, 2003 obituary article in an Ohio newspaper

stating that Evans had died on January 11 in San Francisco, and a more complete obituary published in the same newspaper on January 23, 2003 (Petitioner's Exhibit B, pp. 2-3);[2] and (4) a record detail from an online obituary index showing that Evans died on January 11, 2003 (Petitioner's Exhibit C).

With the exception of the post-autopsy death certificate, it is clear that these documents could have been discovered beginning in January 2003. Petitioner was able to produce all of these documents years later during his investigation in support of this federal habeas corpus action and fails to explain why he could not have discovered those same documents immediately following his convictions.

Because the prosecutor did not misrepresent Evans' well-being at the plea hearing, and since evidence of Evans' death could have been discovered through the exercise of due diligence even before AEDPA's statute of limitations began to run, petitioner is not entitled to statutory tolling. For the same reasons, he is also not entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (a litigant seeking equitable tolling must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way).

---

[2] The written date on the Exhibit erroneously dates the article's print date in 2007. Because the article mentions that Evans' memorial service "will be held Saturday at 2:30 p.m." the court construes the article as having been published in 2003, the year of her death.

7 - FINDINGS AND RECOMMENDATION

Accordingly, this case should be dismissed on the basis that it is untimely.

As the court resolves this action on procedural grounds based on the existing record, petitioner's request for an evidentiary hearing should be denied. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #23) should be DISMISSED with prejudice on the basis that it is untimely.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due May 5, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

///

///

///

///

///

///

8 - FINDINGS AND RECOMMENDATION

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>21st</u> day of April, 2008.

/s/ <u>Janice M. Stewart</u>
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION